IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NICHOLAS PERRAS | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | C.A. NO 3:24-CV-00043 |
| | § | |
| GALVESTON CENTRAL APPRAISAL DISTRICT | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT GALVESTON CENTRAL APPRAISAL DISTRICT'S
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**
========================================================

NOW COMES DEFENDANT GALVESTON CENTRAL APPRAISAL DISTRICT and files this Original Answer to Plaintiff's Original Complaint. [Doc. 1]. Pursuant to Federal Rules of Civil Procedure 8(b), Defendant responds to each of the specific averments in Plaintiff's Original Complaint [Doc. 1] as set forth below. To the extent that Defendant does not address a specific allegation made by Plaintiff, Defendant expressly denies that allegation.

**ADMISSIONS AND DENIALS**

1. With respect to the allegations contained in **Paragraph 1.1** of Plaintiff's Original Complaint, DEFENDANT contends that this paragraph contains comments and assertions about the nature of the case as to which no Rule 8 response is required.

2. With respect to the allegations contained in Paragraph 1.2 of Plaintiff's Original Complaint, DEFENDANT denies the allegations.

3. With respect to the allegations contained in **Paragraph 1.3** of Plaintiff's Original Complaint, DEFENDANT contends that this paragraph contains comments and assertions about the nature of the case as to which no Rule 8 response is required.

4. With respect to the allegations contained in **Paragraph 2.1** of Plaintiff's Original Complaint, DEFENDANT admits that Plaintiff was an employee of DEFENDANT and DEFENDANT lacks sufficient knowledge or information to admit or deny the remaining factual assertions contained therein.

5. With respect to the allegations contained in **Paragraph 2.2** of Plaintiff's Original Complaint, DEFENDANT admits.

6. With respect to the allegations contained in Paragraphs **3.1 - 3.2** of Plaintiff's Original Complaint, DEFENDANT admits that the Court has jurisdiction under the statutes noted and further admits that venue is proper. DEFENDANT denies all other allegations contained therein.

7. With respect to the allegations contained in **Paragraph 4.1** of Plaintiff's Original Complaint, DEFENDANT lacks sufficient knowledge or information to admit or deny the factual assertions contained therein.

8. With respect to the allegations contained in **Paragraph 5.1** of Plaintiff's Original Complaint, DEFENDANT admits that it hired Plaintiff as a Residential Appraiser in October 2017. DEFENDANT admits that Plaintiff performed some job functions well and that DEFENDANT was sometimes pleased with his work. DEFENDANT admits that there may have been occasions when Plaintiff worked more than 8 hours in a day but denies that this was a regular occurrence.

9. With respect to the allegations contained in **Paragraph 5.2** of Plaintiff's Original Complaint, DEFENDANT admits that in December 2020, Chief Appraiser Tommy Watson ("Watson") moved Plaintiff to the Commercial Appraisal Department and that GCAD promoted Plaintiff to Director of Appraisal in December 2021 to assist with the Commercial Appraisal Department. DEFENDANT denies the remaining allegation.

10. With respect to the allegations contained in **Paragraph 5.3** of Plaintiff's Original Complaint, DEFENDANT admits that Plaintiff had some accomplishments as Director of Appraisal but denies that Plaintiff was responsible for GCAD "passing the Property Value Study" prepared by the State Comptroller as it relates to commercial properties, over which Plaintiff was assigned, because this category of properties did not meet the Comptroller's requirements. Defendant admits that Plaintiff participated, along with other Appraisal District staff, in the development of new processes in the Commercial Department, testing a Uniform and Equal adjustment program for the Commercial Department, considering efficiency procedures for field work in the Residential Department, and defending GCAD values on appeal, but denies that Plaintiff's contributions were a significant factor for success. DEFENDANT admits that Plaintiff created a logo that he later assigned to Defendant and admits that Plaintiff participated in the development of a Communications and Outreach program.

11.     With respect to the allegations contained in **Paragraph 5.4** of Plaintiff's Original Complaint, DEFENDANT admits in February 2021, Watson promoted Krystal McKinney ("McKinney") to Deputy Chief Appraiser. DEFENDANT admits that McKinney made general comments indicating that if DEFENDANT were to bypass her for promotion in favor of a less tenured or less experienced appraiser, McKinney would likely explore other opportunities. DEFENDANT denies that her comments were in any way related to Plaintiff's sex. DEFENDANT lacks sufficient knowledge or information to admit or deny how Plaintiff felt about conversations he had with McKinney. DEFENDANT denies that McKinney told Plaintiff that he had an unfair advantage because he was a man, and that she was trying to break glass ceilings.

12.     With respect to the allegations contained in **Paragraph 5.5** of Plaintiff's Original Complaint, DEFENDANT denies.

13.     With respect to the allegations contained in **Paragraph 5.6** of Plaintiff's Original Complaint, DEFENDANT admits that Plaintiff was written up in 2021 for tardiness, just as he had been prior to 2021, but denies that Plaintiff's status as a salaried employee somehow made this improper. DEFENDANT denies that other appraisers were not subject to DEFENDANT'S policy on attendance, including tardiness.

14.     With respect to the allegations contained in **Paragraph 5.7** of Plaintiff's Original Complaint, DEFENDANT admits that Plaintiff's pay was docked due to his excessive tardiness. DEFENDANT denies the suggestion that Plaintiff regularly worked 80 hours per week. DEFENDANT denies that the Commercial Department was understaffed. DEFENDANT admits that it followed staffing guidelines set forth in the International Association of Assessing Officers for its Commercial Appraisal Department. DEFENDANT admits that Plaintiff oversaw two appraisers and that the Commercial Appraisal Department oversaw accounts in excess of a billion dollars.

15.     With respect to the allegations contained in **Paragraph 5.8** of Plaintiff's Original Complaint, DEFENDANT admits that Plaintiff was promoted to Director of Appraisal in December 2021 and that he may have asked for additional appraisers. DEFENDANT admits that Plaintiff asked for a particular employee to be assigned as his clerical staff while refusing to train the employee who was actually assigned as his clerical staff. DEFENDANT admits that Plaintiff asked McKinney to attend the Chief Appraiser Institute to get his Certified Chief Appraiser designation and that McKinney, in turn, asked Watson who declined the request.

16. With respect to the allegations contained in **Paragraph 5.9,** DEFENDANT admits that McKinney and Plaintiff attended a legal seminar in San Antonio on or about August 24, 2022, and admit that after the conference a group of people, including McKinney and Plaintiff, went to Howl at the Moon bar. DEFENDANT denies that Paragraph 5.9 accurately describes McKinney's and Plaintiff's conversation.

17. With respect to the allegations contained in **Paragraphs 5.10-5.14** of Plaintiff's Original Complaint, DEFENDANT denies.

18. With respect to the allegations contained in **Paragraph 5.15** of Plaintiff's Original Complaint, DEFENDANT denies Plaintiff's description and characterization of the conversation that he alleges to have had with McKinney.

19. With respect to the allegations contained in **Paragraph 5.16** of Plaintiff's Original Complaint, DEFENDANT admits that on or about October 3, 2022, Plaintiff had an early meeting scheduled with appraisers from Brazoria County and that he forgot to meet his coworkers as planned. DEFENDANT admits that Plaintiff was ordered home pursuant to DEFENDANT'S policy that employees who are late by 30 minutes or more are sent home, and that Plaintiff refused and, instead, attended the meeting. DEFENDANT denies Plaintiff's characterization of the subsequent events and discussions with McKinney.

20. With respect to the allegations contained in **Paragraph 5.17** of Plaintiff's Original Complaint, DEFENDANT admits that on or about October 4, 2023, Plaintiff was informed he was supposed to report to the office before "running errands" and that he and McKinney subsequently exchanged text messages about the matter. DEFENDANT denies Plaintiff's characterization of the events, however.

21. With respect to the allegations contained in **Paragraph 5.18** of Plaintiff's Original Complaint, DEFENDANT admits that on or about October 5, 2022, Plaintiff was notified by McKinney that Watson was suspending Plaintiff pending final decision by Watson. DEFENDANT lacks sufficient knowledge or information to admit or deny the factual assertions contained therein.

22. With respect to the allegations contained in **Paragraph 5.19** of Plaintiff's Original Complaint, DEFENDANT lacks sufficient knowledge or information to admit or deny whether there was an investigation because the response turns on the subjective definition of "investigation." DEFENDANT admits that McKinney sent a detailed memo to Human Resources and that the matter was reviewed by Human Resources and by Watson. DEFENDANT admits that

Plaintiff went to Watson's office in the morning of October 10, 2022, and that McKinney was there and met with Watson for about an hour while Plaintiff waited.

23. With respect to the allegations contained in Paragraph **5.20-.21** of Plaintiff's Original Complaint, DEFENDANT denies that the conversation between Plaintiff and Watson occurred as Plaintiff describes but admits that Watson fired Plaintiff. DEFENDANT lacks sufficient knowledge or information to admit or deny how Plaintiff viewed Watson's statements.

24. With respect to the allegations contained in **Paragraph 5.22-.2[3]** of Plaintiff's Original Complaint, DEFENDANT denies.

25. With respect to the allegations contained in Paragraph 6.1-8.1 of Plaintiff's Original Complaint, DEFENDANT contends that this paragraph contains assertions and legal conclusions about his causes of action, demand for jury trial, and damages, as to which no Rule 8 response is required. To the extent that an answer is required, DEFENDANT denies.

## CONCLUSION AND PRAYER

THEREFORE, PREMISES CONSIDERED, DEFENDANT GALVESTON CENTRAL APPRAISAL DISTRICT respectfully requests that all relief requested by Plaintiff be denied, and that a Final Judgement of favorable to DEFENDANT GCAD be rendered. Further, DEFENDANT requests recovery of those costs, fees, and expenses to which it would be justly entitled, at law or in equity.

SIGNED on this the 8th day of MARCH 2024.

Respectfully submitted,

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
rjnavarro@rampagelaw.com

By: *Kelly R. Albin*
KELLY R. ALBIN
State Bar No. 24086079
kralbin@rampagelaw.com

DENTON NAVARRO RODRIGUEZ
  BERNAL, SANTEE & ZECH, P.C.
549 N. Egret Bay, Suite 200
League City, Texas 77573
Telephone: (832) 632-2102
Facsimile: (832) 632-2132

**COUNSEL FOR DEFENDANT,
GALVESTON CENTRAL APPRAISAL
DISTRICT (GCAD)**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Texas Rules of Civil Procedure on the 8th day of MARCH 2024.

Todd Slobin
tslobin@eeoc.net
Dorian Vandenberg-Rodes
drodes@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
COUNSEL FOR PLAINTIFF

*Kelly R. Albin*
KELLY R. ALBIN
RICARDO J. NAVARRO

Defendant GCAD's Original Answer to
Plaintiff's Original Complaint                                                                                    -6-